UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA VILLA, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| PATRICK J. WATERS (Deceased), § | SA-09-CV-0113 XR | |
| THE ESTATE OF PATRICK J. WATERS, § | | |
| AND ANY RESPONSIBLE PARTIES, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

TO: Honorable Xavier Rodriguez
     United States District Judge

This report and recommendation recommends dismissal of this case. Previously, the district judge referred to me plaintiff Maria Villa's motion to proceed *in forma pauperis*[1] and motion for appointment of counsel.[2] In considering the motions, I observed that this case is appropriate for dismissal under 28 U.S.C. § 1915(e).

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[3] This provision permits the court to dismiss those claims whose factual

---

[1] Docket entry # 1.

[2] Docket entry # 2.

[3] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not

contentions are clearly baseless.[4] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[5] Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[6] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

This case should be dismissed under section 1915(e) because it is frivolous—Villa's claims lack an arguable basis either in law or in fact. Villa seeks to sue the estate of her former employer, attorney Patrick J. Waters. On October 6, 2008, the Supreme Court of Texas canceled Waters's license to practice law as part of a disciplinary proceeding and directed Waters to close his law practice.[7] Waters died after he closed his law practice. In her proposed complaint, Villa complains about gender and sexual orientation discrimination under Title VII, age discrimination under the Age Discrimination in Employment Act (ADEA), and a violation of the Equal Pay Act (EPA)—allegations that are clearly time-barred.

---

a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

[6] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[7] Order Accepting Resignation in Lieu of Discipline of Patrick J. Waters, Misc. Docket # 08-9147 (Tex. Oct. 6, 2008), *available at* http://www.supreme.courts. state.tx.us/MiscDocket/08/ 08914700.pdf.

Villa's claims under Title VII are time-barred. A "[T]itle VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged."[8] In her proposed complaint, Villa alleges that Waters discriminated against her on the basis of sexual orientation on September 5, 2005.[9] Villa stated that "the sex discrimination was a one time activity."[10] Although sexual orientation is not a protected class under Title VII,[11] Villa's claim for discrimination based on sexual orientation is time-barred because she did not file a charge of discrimination with 300 days of September 5, 2005. Villa filed a charge of discrimination with the EEOC on November 25, 2008. That date is outside the 300-day time period for filing a charge of discrimination. A claim that is time-barred fails to state a claim upon which relief may be granted.

Villa's gender discrimination claim is also time-barred. Villa asserted that Waters discriminated against her on the basis of gender from November 1, 2004 to April 6, 2007 and from September 2007 to November 30, 2007.[12] The latest of these dates—November 30, 2007—falls outside of the 300-day period for filing a charge of discrimination.[13] Villa concedes in her complaint that her charge was untimely.[14]

---

[8]*Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

[9]*See* Villa's proposed type-written complaint, p. 1.

[10]*Id*.

[11]See 42 U.S.C. § 2000e-2(a)(1) (making it unlawful for an employer to discriminate against an employee because of the individual's race, color, religion, sex, or national origin).

[12]*See* Villa's proposed type-written complaint, pp. 1-2.

[13]The 300-day period for filing a charge ended on September 25, 2008.

[14]*See* Villa's proposed type-written complaint, p. 2.

Villa's ADEA claim is time-barred. Like Title VII, the ADEA requires a plaintiff to file a charge of discrimination with the EEOC "within 300 days after the alleged unlawful practice occurred . . . ."[15] Villa asserted that Waters discriminated against her on the basis of age from November 1, 2004 to April 6, 2007 and from September 2007 to November 30, 2007.[16] The latter of these dates—November 30, 2007—falls outside of the 300-day period for filing a charge of discrimination. Villa concedes in her complaint that her charge was untimely.[17]

Villa's EPA claim is also time-barred, but for a different reason. Unlike Title VII and the ADEA, the EPA doesn't require the plaintiff to file a charge of discrimination with the EEOC, but the plaintiff must initiate her lawsuit "within two years after the cause of action accrued. . . ."[18] "A claim accrues when the plaintiff knew or should have known of the disparity in pay between her and men performing work requiring equal skill, effort and responsibility under similar working conditions."[19] Villa stated in her charge of discrimination that she learned that

---

[15] 29 U.S.C. § 626(d).

[16] See Villa's proposed type-written complaint, pp. 1-2.

[17] *Id*. at p. 2.

[18] 29 U.S.C. § 255(a).

[19] *Battaglio v. Gen. Elec. Co.*, No. CIV. A. 94-4675, 1995 WL 11980, 2 (E.D. Pa. Jan. 5, 1995). *See Eisenberg v. Pa. St. Univ.*, No. 3:00CV301, 2001 WL 202095, 4 (M.D. Pa. Feb. 28, 2001) (observing that "the plaintiff's claim accrues when he learns of the discrimination, and the continuing violation theory does not apply where the employee learns of wage discrimination and does not file a claim within the appropriate time limit"). *See also Landrau-Romero v. Banco Popular De P.R.*, 212 F.3d 607, 612 (1st Cir. 2000) (explaining that "[e]ven where a plaintiff alleges a violation within the appropriate statute of limitations period, the continuing violation claim will fail if the plaintiff was or should have been aware that he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place").

she was being paid less than her male colleagues sometime in 2005 or 2006.[20] According to Villa's charge, the latest time Villa could have learned about the alleged disparity in pay was December 31, 2006. This date is more than two years before Villa applied for *in forma pauperis* status—she applied on February 10, 2009. Thus, Villa's EPA claim is time-barred. Notably, the EEOC's notice of right to sue letter notified Villa that she had waited too long to file her charge of discrimination. The letter included the EPA's statute of limitations.

This case is also frivolous because Villa did not name an employer as a defendant. The proper defendant in an action for violation of Title VII, the ADEA, or the EPA is the plaintiff's employer.[21] I know of no legal authority permitting a plaintiff to sue a former employer's estate. A claim under Title VII, the ADEA, or the EPA that fails to sue an employer fails to state a claim upon which relief may be granted.

**Recommendation**. For the reasons discussed in this report, I recommend denying the motion to proceed *in forma pauperis* (docket entry # 1) and the motion for appointment of counsel (docket entry # 2), and dismissing this case under section 1915(e) as frivolous. To the extent that Villa may complain about a lack of notice that the court is considering dismissal of

---

[20]*See* proposed complaint, exh. 1.

[21]"The term 'employer' [under Title VII] means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . ." 42 U.S.C. § 2000e(b). "The term 'employer' [under the ADEA] means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 29 U.S.C. § 630(b). "'Employer' [for the purpose of the EPA] includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(e).

this case, Villa should treat this report and recommendation as notice and respond in accordance with the following instructions.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[22] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[23] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

---

[22] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[23] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

district court.[24]

    **SIGNED** on March 5, 2009.

                                         _____
                                         NANCY STEIN NOWAK
                                         UNITED STATES MAGISTRATE JUDGE

---

[24]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).