UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA VILLA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| PATRICK J. WATERS (Deceased), | § | SA-09-CV-0113 XR |
| THE ESTATE OF PATRICK J. WATERS, | § | |
| AND ANY RESPONSIBLE PARTIES, | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

TO: Honorable Xavier Rodriguez
United States District Judge

This report and recommendation supplements my earlier report and recommendation. Previously, the district judge referred to me plaintiff Maria Villa's motion to proceed in forma pauperis (IFP)[1] and motion for appointment of counsel.[2] After reviewing Villa's pleadings, I recommended dismissing the case under 28 U.S.C. § 1915(e).[3] The district judge accepted the recommendation; dismissed Villa's causes of action for gender and sexual orientation discrimination, age discrimination, and violation of the Equal Pay Act; and denied Villa's motions as moot.[4] Since that time, Villa complained that the court failed to address her claim

---

[1]Docket entry # 1.

[2]Docket entry # 2.

[3]Docket entry # 3.

[4]Docket entry # 8.

under the Fair Labor Standards Act (FLSA).[5] The district judge responded by reinstating Villa's motions and directed Villa to articulate the details of her FLSA claim.[6] Villa responded with details of her claim,[7] but those details do not state a claim upon which relief may be granted.

Villa worked for the Law Offices of Patrick J. Waters during two time periods: (1) from November 1, 2004 to April 6, 2007, and (2) from September 10, 2007 to November 30, 2007.[8] Villa complains, in part, about not being paid over-time in 2005. That complaint is time-barred. The FLSA permits an employee to sue her employer for payment of unpaid overtime compensation,[9] but there is a two-year statute of limitations for bringing such claims. Unless an action is commenced within two years after the cause of action accrued, the action is time-barred.[10] The latest day in 2005 that Villa complains about is December 30, 2005. Villa did not file her motion to proceed IFP until February 20, 2009. The filing date is outside of the two-year limitations period.[11] This should not surprise Villa because she sought assistance from the U.S.

---

[5]Docket entry # 10.

[6]Docket entry # 11.

[7]Docket entry # 15.

[8]*See* Villa's letter to the Dep't of Labor, dated Feb. 1, 2009, attached to Villa's proposed complaint.

[9]*See* 29 U.S.C.A. § 216(b).

[10]*See* 29 U.S.C.A. § 255(a).

[11]Villa's response to the court's order suggests she may have intended to also complain about unpaid wages in 2006. On page 5 of her response, Villa alleges she was not paid for overtime for the weeks of "1/2 to 1/6/2005" and "1/16/2005 to 1/20/2005." Because these dates are not in chronological order with the other dates specified for 2005, Villa may have intended to complain about the weeks "1/2 to 1/6/2006" and "1/16/2006 to 1/20/2006." To the extent the 2005 dates were errors, corrected 2006 dates would not help Villa as those dates are outside the limitations period.

Department of Labor.[12] The Department advised Villa that it could not assist her because her employer no longer existed, advised Villa of her right to initiate a private lawsuit, and alerted Villa to the two-year limitations period.[13]

Villa also complains about not being paid for hours worked from September 10, 2007 to September, 28, 2007, and from October 1, 2007 to November 2, 2007—specifically, from 2:00 p.m. to 4:00 p.m. These allegations cannot form the basis for a FLSA claim. The FLSA provides for a private cause of action against an employer who violates the act's minimum-wage and overtime provisions.[14] That is, the act permits an employee to sue her employer for unpaid minimum wages and/or unpaid overtime compensation. Villa does not complain about unpaid minimum wages or unpaid overtime compensation. She complains about unpaid wages. Villa resigned from her job with the Law Offices of Patrick Waters (the Law Offices) on April 6, 2007,[15] but she returned to work for the Law Offices on September 10, 2007, to work from 10:00

---

[12]*See* Villa's letter to the Dep't of Labor, dated Feb. 1, 2009, attached to Villa's proposed complaint.

[13]*See* docket entry # 10, exh. 13.

[14]*See* 29 U.S.C.A. § 216(b) ("Any employer who violates the provisions of section 206 [minimum wage provision] or section 207 [overtime pay provision] of this title shall be liable to the employee or employees affected in the amount of their *unpaid minimum wages*, or their *unpaid overtime compensation*, as the case may be, and in an additional equal amount as liquidated damages. . . An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.") (italics added).

[15]*See* Villa's letter to the Dep't of Labor, dated Feb. 1, 2009, attached to Villa's proposed complaint.

a.m. to 2:00 p.m. at a rate of $12.50 per hour.[16] Villa complains that she worked from 10:00 a.m. to 4:00 p.m., but that she was not paid for working from 2:00 p.m. to 4:00 p.m. This allegation does not state a claim under the FLSA's minimum-wage provision because Villa seeks $12.50 per hour for her unpaid hours—twice the minimum wage rate at the time.[17] If Villa was paid minimum wage for working from 10:00 a.m. to 4:00 p.m.—$30.90/day—her wages would still exceed what she was paid at $12.50/hour for working from 10:00 a.m. to 2:00 p.m.—$60.00/day. Villa has no basis for a claim under the FLSA for unpaid minimum wage because she earned more than $5.15/hour. In addition, Villa's allegation does not state a claim under the FLSA's overtime provision because Villa worked 30 hours per week—from 10:00 a.m. to 4:00 p.m. per day—and because the FLSA provides for overtime pay for work over 40 hours per week.

Villa's final complaint is that she was not paid for the last week she worked—33 hours from November 26, 2007 to November 30, 2007. Villa did not specify the hourly wage she seeks for that time period, but her pleadings indicate that she seeks $12.50/hour. If Villa worked 33 unpaid hours, the most she can claim under the FLSA is $5.15/hour, or a total of $169.95. Still, Villa has not stated a claim under the FLSA because she did not name a proper defendant. The FLSA permits an employee to sue an "employer." The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."[18] Villa named Patrick J. Waters and the Estate of Patrick J. Waters as defendants, but neither named

---

[16] *See* Villa's letter to the Dep't of Labor, dated Feb. 1, 2009, attached to Villa's proposed complaint.

[17] The minimum wage at the time was $5.15 per hour.

[18] 29 U.S.C.A. § 203(d).

defendant was Villa's employer. Villa worked for the Law Offices. However, even if plaintiff sought leave to amend her complaint to name the Law Offices as defendant, that motion would be futile as the evidence before the Court suggests that the Law Offices closed and that it is no longer a jural entity.[19]

**Recommendation**. Villa has failed to state a claim under the FLSA. Villa's claim lacks an arguable basis in law and in fact. I recommend DISMISSING Villa's FLSA claim and denying her motions (docket entry #s 1 & 2) as moot.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[20] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous,

---

[19]*See* Villa's letter to the Dep't of Labor, dated Jan. 1, 2009, attached to Villa's proposed complaint (complaining that Waters closed his office and left her in limbo); Villa's letter to Waters, dated Feb. 7, 2008, attached to Villa's proposed complaint (discussing her efforts to close the law office); Villa's charge of discrimination, attached to Villa's proposed complaint (complaining that Waters closed his law office without telling her); docket entry # 10, exh. 13 (letter from the Dep't of Labor stating that the law firm was out of business).

[20]28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[21] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[22]

**SIGNED** on June 11, 2009.

*(signed)* Nancy Stein Nowak
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[21] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[22] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).