UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA VILLA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| PATRICK J. WATERS (Deceased), | § | SA-09-CV-0113 XR |
| THE ESTATE OF PATRICK J. WATERS, | § | |
| AND ANY RESPONSIBLE PARTIES, | § | |
| | § | |
| Defendants. | § | |

## SECOND REPORT AND RECOMMENDATION

**TO:** Honorable Xavier Rodriguez
United States District Judge

This report and recommendation recommends dismissing this case for failure to prosecute. The case involves plaintiff Maria Villa's claim under the Fair Labor and Standards Act for recovery of 33 hours of minimum wages. On December 15, 2009, I directed Villa to show cause why this case should not be dismissed for failing to prosecute.[1] I issued the show-cause order because the record indicates: (1) Villa served defendant-decedent Patrick Waters's widow—Jackie Waters—on August 19, 2009, (2) I confirmed Jackie Waters is authorized to accept service on behalf of Patrick Waters's estate, (3) Jackie Waters has not answered or other pleaded, (4) the time for responding has passed, and (5) Villa has not requested entry of default. The clerk mailed the show cause-order to the address Villa provided when she filed her case. The U.S. Postal Service returned the show-cause order on December 22, 2009, indicating that

---

[1] Docket entry # 43.

Villa no longer lives at the provided address.[2] Villa has not notified the clerk about a change of address.

This case is appropriately dismissed for failure to prosecute because Villa failed to notify the clerk about a change of address. Villa knows she has a responsibility to immediately notify the clerk about a change of address because I instructed her about her responsibility on July 21, 2009 when I granted her leave to proceed in forma pauperis.[3] I warned Villa that the court would interpret a failure to immediately notify the clerk about a change in mailing address as a failure to prosecute. I also warned that the failure to notify the clerk about a change of address could result in dismissal of the case. Over three weeks have passed since the show-cause letter was returned undelivered. Three weeks does not constitute immediate notification of a change of address. Consequently, it is appropriate to dismiss this case for failure to prosecute. The case is also appropriately dismissed for failing to comply a court order because Villa did not comply with my order directing her to immediately notify the clerk about a change of address.

**Recommendation**. I recommend dismissing this case for failure to prosecute and failure to comply with a court order.[4]

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

---

[2] Docket entry # 44.

[3] *See* docket entry # 27, ¶ 6.

[4] *See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute her case or failed to comply with a court order); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[5] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[6] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[7]

**SIGNED** on January 15, 2010.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　NANCY STEIN NOWAK
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[6] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

3