# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA VILLA, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-09-CV-113-XR |
| THE ESTATE OF PATRICK J. WATERS, | § § § | |
| *Defendant.* | § | |

**ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION**

On this day, the Court considered the Memorandum & Recommendation of the Magistrate Judge in the above-styled and numbered cause (Docket Entry No. 46). After consideration of the Memorandum & Recommendation and an independent examination of the records in this case, the Court ACCEPTS the Magistrate Judge's Memorandum & Recommendation to dismiss this case for failure to prosecute and failure to comply with a court order.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Magistrate Judge issued her Memorandum and Recommendation on January 15, 2010. It was entered on the docket and Plaintiff Maria Villa was served via United States mail on the same day. Accordingly, objections were due by February 3, 2010. *See* FED. R. CIV. P. 6(a) (regarding computation of time). Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

In this case, Maria Villa seeks alleged back pay from a former employer who is now deceased. The Magistrate Judge allowed Villa to proceed *in forma pauperis* and in her order, specifically notified Villa that she must "follow the rules even though she does not have a lawyer" and that Villa must "immediately notify the Clerk and each defendant's counsel in writing of any change in her address." (Order on Mot. for *In Forma Pauperis* Status, July 21, 2009 [Docket Entry No. 27].) The Magistrate Judge explicitly warned Villa that: "The Court will interpret a failure to immediately notify the Clerk and each defendant's counsel of any change in mailing address as a failure to prosecute and may result in dismissal of the case." (*Id.*)

On December 15, 2009, the Magistrate Judge issued an order for Villa to show cause why the case should not be dismissed for failure to prosecute. On December 22, 2009, the order was returned showing that Villa does not live at the address provided. The Magistrate Judge found that Villa had failed to show cause and violated a court order directing her to inform the Court of a change in her address.

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation to dismiss this case for failure to prosecute and for failure to comply with a court order. Plaintiff's case is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a court order. The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 4th day of February, 2010.

                                        XAVIER RODRIGUEZ
                                        UNITED STATES DISTRICT JUDGE